UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-CV-63077

KRISTOFFER COOPER,

    Plaintiff,

v.                                                                          **COMPLAINT – CLASS ACTION**

RAS LAVRAR, LLC,

    Defendant.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff KRISTOFFER COOPER ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant RAS LAVRAR, LLC ("Defendant"), *to wit*, for Defendant's violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations of § 559.72(9) of the FCCPA, and § 1692g(a), § 1692g(b), and § 1692e, of the FDCPA.

**NATURE OF ACTION**

A.    *THE FAIR DEBT COLLECTION PRACTICES ACT*

1.    The FDCPA "is a consumer protection statute that imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)); *see also* Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009).(*"*[t]he FDCPA establishes a ***strict liability***

*standard*; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages.").

2. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban. *See* 15 U.S.C. §1692e.

3. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4.

4. In particular, §1692g mandates, *inter alia*, that:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> …
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

> (b) … Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. §1692g.

B.  *THE FLORIDA CONSUMER COLLECTION PRACTICES ACT*

5. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

6. In comparison to its federal counterpart, *to wit*, the FDCPA, the FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA. *See* Mays v. Citibank, N.A., 2005 WL 6111610, at *11 (S.D. Fla. 2005) ("The [FCCPA] applies to all persons who attempt to collect debts, and is not restricted to debt collectors."); Bacelli v. MFP, Inc., 729 F.Supp. 2d 1328, 1333 n.7 (M.D. Fla. 2010) ("The FCCPA differs from the FDCPA, in part, in that it prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'"); Heard v. Mathis, 344 So.2d 651, 654 (Fla. 1st Dist.Ct.App.1977) (The FCCPA applied to private individual attempting to collect oral, noninterest bearing loan).

7. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. In particular, § 559.72(9) states that, in collecting a consumer debt, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

## DEMAND FOR JURY TRIAL

8. Plaintiff respectfully demands a trial by jury on all alleged counts and any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir. 1982).

## JURISDICTION AND VENUE

9. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

10. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

11. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

12. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

13. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

14. Defendant is a Florida law firm, with its principal place of business located in Plantation, Florida.

15. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

16. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

### FACTUAL ALLEGATIONS

17. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

18. In particular, the debt at issue (the "Consumer Debt") represents an allegedly outstanding amount Plaintiff owes the current creditor on an unsecured line of credit, of which was allotted to, and utilized by, Plaintiff for personal purposes.

19. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

20. Defendant is a business entity engaged in the business of collecting consumer debts.

21. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

23. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

24. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

25. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

26. On a date better known to Defendant, Defendant sent a collection letter dated May 08, 2018, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

27. The Collection Letter states, *inter alia*, as follows:

> Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the debt is valid.
> If you notify us in writing within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you and it will be mailed to you. We will provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within thirty (30) days after receipt of this Notice.

*See* Exhibit A.

## CLASS ACTION ALLEGATIONS

28. This action is brought on behalf of the following class, to wit, the "**FDCPA Class**" and the "**FCCPA Class**."

29. The "FDCPA Class" consists of:

> (i) all persons with Florida addresses (ii) who received a letter (iii) between the December 17, 2018, and the preceding twelve (12) months (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and in said letter, Defendant fails to adequately inform the consumer of, unlawfully misrepresented to, and/or unlawfully overshadowed, the rights the consumer enjoyed under § 1692g(a) of the FDCPA.

30. The "FCCPA Class" consists of:

> (i) all persons with Florida addresses (ii) who received a collection letter (iii) from Defendant (iv) between December 17, 2018, and the preceding twenty-four (24) months (v) that was an unlawful attempt to collect a debt (vi) in violation of 15 U.S.C. § 1692g(a).

31. Plaintiff alleges, on information and belief, the FDCPA Class and the FCCPA Class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to addresses in Florida attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

32. Common questions of law and fact exist as to each class, and predominate over any issues involving only individual class members.

33. With respect to the FDCPA Class:

   (a) The factual issues common to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

   (b) The principal legal issue of the class is whether Defendant, by and through the language of the Collection Letter, failed to adequately inform the consumer of, unlawfully misrepresented to, or unlawfully overshadowed, the rights enjoyed by the consumer under § 1692g(a).

34. With respect to the FCCPA Class:

   (a) The factual issues common to the class are whether members received a collection letter from Defendant, and whether Defendant violated 15 U.S.C. § 1692g(a), § 1692g(b), or § 1692e; and

   (b) The principal legal issue for the class is whether Defendant, by having violated § 1692g(a), also violates § 559.72(9) of the FCCPA.

35. Excluded from each class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

36. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C.  *ADEQUACY*

37. Plaintiff is an adequate representative of each of the classes.

38. Plaintiff will fairly and adequately protect the interests of the classes.

39. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.  *PREDOMINANCE AND SUPERIORITY*

40. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692g(a). § 1692g(b), and § 1692e

42. On behalf of the FDCPA Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

43. To satisfy the mandatory notice requirements of §1692g(a), "[a] debt collector must ensure that notice of the right to dispute the debt is actually conveyed to the consumer, and that the notice is conveyed effectively, [whereby,] [t]he effectiveness of the notice is based on an objective standard of the manner in which a "least sophisticated consumer" would interpret the notice." In re Martinez, 266 B.R. 523 (Bankr. S.D. Fla.); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer – understands the notice he or she receives.'")

44. Section 1692g(b) further mandates that: "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. Even further, § 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Moreover, "[t]he use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." Bourff v. Rubin Lublin, L.L.C., 674 F.3d 1238 (11th Cir. 2012).

45. The "least sophisticated consumer" standard dictates a debt collector's communication, or other conduct, violates the FDCPA or FCCPA. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (reiterating that the "least sophisticated consumer" standard governs "whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the statute." (internal quotations omitted)); LeBlanc v. Unifund

CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f); Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (applying the "least sophisticated consumer" standard to claims under § 1692g); *see also* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (applying the least sophisticated consumer standard to determine whether a debt collector violated the FCCPA); Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010 (same); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which applied the least sophisticated consumer standard to determine whether the FCCPA had been violated). Thus, in the context of the FDCPA and FCCPA, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d 1254 at 1259 (citation and internal quotations omitted).

46. "The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd." LeBlanc, 601 F.3d 1185 at 1194; *see* Crawford, 758 F.3d 1254 at 1258-59 ("[t]he 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'" (*quoting* Jeter v. Credit Bureau, 760 F.2d 1168, 1172-73 (11th Cir. 1985))). The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Jeter, 760 F.2d at 1168.

47. "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most

unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a reasonable fashion." Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer – understands the notice he or she receives.'"). As such, issues which require the application of the least sophisticated consumer standard are reserved for the jury. *See* Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *3 (11th Cir. Nov. 1, 2017) ("[g]enerally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"); *see, e.g.*, Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1381 (S.D. Fla. 2008) (whether a communication was "deceptive is a material issue of disputed fact for the jury, as fact finder, to resolve").

48. With respect to the matter at hand, Defendant violated 15. U.S.C. §1692g(a) by failing to adequately inform the least sophisticated consumer of the rights, as well as how to exercise such rights, he or she enjoys under §1692g(a) of the FDCPA. *See* Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014) ("Merely including the information required under 15 U.S.C. § 1692g(a) is insufficient; the notice must be set forth in a form and written context that does not distort or obfuscate its meaning." (citing McMurray v. ProCollect, Inc., 687 F.3d 665, 668 (5th Cir.2012)); *see also* Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir.2000) (notice must be "conveyed effectively to the debtor").

49. Here, in an attempt to comply with § 1692g(a)(3), the Collection Letter states that "**[u]nless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume the debt is valid**." *See* Collection Letter (emphasis

added). Such language fails to adequately inform the least sophisticated consumer of the dispute rights he or she enjoys under § 1692g(a)(3) and otherwise overshadows the dispute rights enjoyed by the consumer under § 1692g(a)(3) of the FDCPA.

50.     For a consumer to exercise his or her dispute rights under § 1692g(a)(3), *i.e.*, prevent the underlying debt from being presumed valid, the consumer *must notify the debt collector* of the consumer's dispute within a certain timeframe. Here, the Collection Letter does not inform the consumer that, to prevent the debt from being presumed valid, the consumer *must notify Defendant* of his or her dispute. Such lack of specify wrongfully causes the least sophisticated consumer to erroneously believe, for example, that the consumer can prevent the underlying debt from being presumed valid by disputing the debt orally with the purported creditor of the debt.

51.     Next, in an attempt to comply with § 1692g(a)(4), the Collection Letter states "***[i]f you notify us in writing within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you and it will be mailed to you***." Id. (emphasis added). Such language fails to adequately inform the consumer of the rights he or she enjoys under § 1692g(a)(4) and otherwise overshadows the dispute rights enjoyed by the consumer under § 1692g(a)(4) of the FDCPA.

52.     Assuming the consumer notifies Defendant in writing within the request timeframe that he or she disputes the underlying debt, Defendant does not satisfy its obligation(s) by mailing a copy of "any judgment" to the consumer. In the event of a properly invoked dispute under § 1692g(a)(4), a debt collector must either (a) provide the consumer with documentation and/or information that validates the underlying debt; or (b) if the underlying debt has been reduced to a judgment, provide the consumer with a copy of such judgment. *See* 15 U.S.C. § 1692g(a)(4). Here, the Collection Letter wrongfully causes the least sophisticated consumer to believe that, if he or

she disputes the underlying debt in writing with Defendant, that Defendant's only obligation is to provide the consumer with a copy of *any* judgment, even if the underlying debt has not been reduced to a judgment.

53. Accordingly, by and through the Collection Letter, Defendant violated § 1692g(a), § 1692g(b), and § 1692e of the FDCPA by failing to adequately inform the least sophisticated consumer of, unlawfully misrepresented to, and otherwise unlawfully overshadowed the rights the consumer enjoyed under § 1692g(a) of the FDCPA.

54. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(c) Such other or further relief as the Court deems proper.

### COUNT II.
### VIOLATION OF FLA. STAT. § 559.72(9)

55. On behalf of the FCCPA Class, Plaintiff incorporates the preceding Factual Allegations, Class Action Allegations, and paragraphs 43-53 of this Class Complaint.

56. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

57. As stated above, Defendant mailed Plaintiff a collection letter in an attempt to collect a consumer debt, whereby said collection letter failed to comply with the mandatory

disclosure requirements of 15 U.S.C. § 1692g(a) and otherwise unlawfully misrepresented and/or overshadowed the rights enjoyed by the least sophisticated consumer under § 1692g(a).

58. As such, by attempting to collect a consumer debt without adequately informingly the consumer of the dispute rights he or she enjoys under § 1692g(a), Defendant violated Fla. Stat. § 559.72(9) because, in doing so, Defendant was asserting the existence of a legal right with knowledge that the right does not exist., namely, attempting to collect a debt without complying with the mandatory disclosure requirements of § 1692g(a) of the FDCPA. *See* Martin v. Butler & Hosch, P.A., 2014 WL 3593622, at *4 (M.D. Fla. July 18, 2014) (finding that misrepresenting a consumer's rights under 15 U.S.C. § 1692g can constitute the assertion of a non-existent legal right in violation of Fla. Stat. § 559.72(9)).

59. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.77(2) of the FCCPA;

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Dated: December 17, 2018

                                                Respectfully Submitted,

                                                /s/ Thomas J. Patti
                                              **THOMAS J. PATTI, ESQ.**
                                              Florida Bar No.: 118377
                                              E-mail:   tom@rodallaw.com

                                              /s/ Yechezkel Rodal
                                              **YECHEZKEL RODAL, ESQ.**
                                              Florida Bar No.  91210
                                              E-mail:   chezky@rodallaw.com
                                              RODAL LAW, P.A.
                                              5300 N.W. 33rd Ave., Suite 219
                                              Fort Lauderdale, Florida 33309
                                              Phone:    (954) 367-5308
                                              Fax:        (954) 900-1208

                                              *COUNSEL FOR PLAINTIFF*