UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-CV-63077

KRISTOFFER COOPER,

    Plaintiff,

v.

RAS LAVRAR, LLC,

    Defendant.
_____/

## **STATEMENT OF CLAIM**

    Pursuant to this Court's Order of Court-mandated Requirements in FDCPA-Based Cases [D.E. 5], Plaintiff KRISTOFFER COOPER ("Mr. Cooper"), by and through undersigned counsel, files this Statement of Claim, and in support thereof, states the following:

**I.    CLASS CERTIFICATION SOUGHT**

    1.    As set forth in the Complaint [D.E. 1] and summarized below, the collection letter Defendant RAS LAVRAR, LLC ("Defendant") mailed to Mr. Cooper violates the FDCPA, specifically, § 1692g, as well as the FCCPA, as the form-based language Defendant utilizes in the collection letter fails to satisfy the requirements of 15 U.S.C. § 1692g. As a result, on information and belief, all collection letters Defendant mailed to Florida consumers similarly violate the FDCPA and FCCPA – and thus – this action appropriately seeks class certification.

**II.    RELEVANNT FACTS**

    2.    Defendant is a Florida law firm that regularly attempts to collect consumer debts from Florida consumers and is otherwise an entity governed by both the FDCPA and FCCPA.

Rodal Law, P.A.
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

3.	On or about May 08, 2018, Defendant mailed Mr. Cooper a collection letter (attached hereto as Exhibit "A") in an attempt to a collect a consumer debt. In the collection letter, Defendant stated that it (Defendant) was attempting to collect a debt and further identified the collection letter as being a "communication [] from a debt collector."

4.	The collection letter represents Defendant's initial – and only – communication with Mr. Cooper in connection with the collection the consumer debt sought therein.

### III.	VIOLATION OF THE FDCPA & FCCPA

5.	Due to the nature and timing of the collection letter, Defendant was required by 15 U.S.C. § 1692g to provide Mr. Cooper with certain disclosures regarding Mr. Cooper's dispute rights under the FDCPA. The below excerpt taken from the collection letter represents Defendant's failed attempt to comply with the requirements of § 1692g(a)(3) and (4):

> Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the debt is valid.
> If you notify us in writing within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you and it will be mailed to you. We will provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within thirty (30) days after receipt of this Notice.

6.	The above language fails to adequately inform the least sophisticated consumer of the dispute rights he or she enjoys under § 1692g(a)(3) and otherwise overshadows the dispute rights enjoyed by the consumer under § 1692g(a)(3) of the FDCPA. For a consumer to exercise his or her dispute rights under § 1692g(a)(3), *i.e.*, prevent the underlying debt from being presumed valid, the consumer *must notify the debt collector* of the consumer's dispute within a certain timeframe. Here, the collection letter **does not** inform the consumer that, to prevent the debt from being presumed valid, the consumer *must notify Defendant* of his or her dispute. Such lack of specificity wrongfully causes the least sophisticated consumer to erroneously believe, for example,

Rodal Law, P.A.
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

that the consumer can prevent the underlying debt from being presumed valid by disputing the debt orally with the purported creditor of the debt.

7. Furthermore, the language fails to adequately inform the consumer of the rights he or she enjoys under § 1692g(a)(4) and otherwise overshadows the dispute rights enjoyed by the consumer under § 1692g(a)(4) of the FDCPA. Assuming the consumer notifies Defendant in writing within the request timeframe that he or she disputes the underlying debt, Defendant does not satisfy its obligation(s) by mailing a copy of "any judgment" to the consumer. In the event of a properly invoked dispute under § 1692g(a)(4), a debt collector must either (a) provide the consumer with documentation and/or information that validates the underlying debt; or (b) if the underlying debt has been reduced to a judgment, provide the consumer with a copy of such judgment. *See* 15 U.S.C. § 1692g(a)(4). As such, the collection letter wrongfully causes the least sophisticated consumer to believe that, if he or she disputes the underlying debt in writing with Defendant, that Defendant's only obligation is to provide the consumer with a copy of *any* judgment, even if the underlying debt has not been reduced to a judgment.

8. Accordingly, by and through the Collection Letter, Defendant violated § 1692g(a), § 1692g(b), and § 1692e of the FDCPA by failing to adequately inform the least sophisticated consumer of, unlawfully misrepresented to, and otherwise unlawfully overshadowed the rights the consumer enjoyed under § 1692g(a) of the FDCPA.

9. With respect to the FCCPA, Defendant, by attempting to collect a consumer debt without adequately informingly the consumer of the dispute rights he or she enjoys under § 1692g(a), violated Fla. Stat. § 559.72(9) because, in doing so, Defendant was asserting the existence of a legal right with knowledge that the right does not exist, namely, attempting to collect a debt without complying with the requirements of § 1692g(a) of the FDCPA.

Rodal Law, P.A.
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

Dated: January 31, 2019

Respectfully Submitted,

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@rodallaw.com
**YECHEZKEL RODAL, ESQ.**
Florida Bar No.  91210
E-mail:   chezky@rodallaw.com
RODAL LAW, P.A.
5300 N.W. 33rd Ave., Suite 219
Fort Lauderdale, Florida 33309
Phone:   (954) 367-5308
Fax:       (954) 900-1208

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 31, 2019, the forgoing was electronically served via e-mail to the party and/or parties listed below:

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

4 | P a g e
**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com